UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MARTIN MIRANDA,<br><br>Plaintiff,<br><br>v.<br><br>R. K. SWIFT, et al.,<br><br>Defendants. | Case No. 17-04000 BLF (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING DEFENDANTS' MOTION TO SCREEN COMPLAINT; OTHER PENDING MOTION; SETTING BRIEFING SCHEDULE**<br><br>(Docket Nos. 32, 40, 41) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"). The Court found the complaint, liberally construed, stated cognizable claims under the First and Fourteenth Amendments and ordered the matter served on Defendants. (Docket No. 12.) Defendants filed a motion to dismiss on various grounds, including failure to state a claim for due process and qualified immunity. (Docket No. 32.) Plaintiff filed a motion for leave to file an amended complaint, along with the proposed first amended complaint. (Docket No. 40.) Defendants filed a statement of non-opposition to Plaintiff's motion to amend the complaint, and a concurrent motion to screen the amended complaint and to dismiss it for failure to state a claim. (Docket No. 41.)

**DISCUSSION**

A. <u>**Motion to Amend**</u>

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). """In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given.""" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citations omitted). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981).

Plaintiff seeks an amendment to add a retaliation claim which relates back to the other claims in the complaint, and to add a newly identified Defendant, N. Espinoza. (Docket No. 40 at 1-2.) Defendants do not oppose the motion to amend and request the Court to screen the first amended complaint. (Docket No. 41 at 1.) Accordingly, there being no showing of undue prejudice to Defendants or delay, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. (Docket No. 40.) Because the first amended complaint ("FAC") is now the operative complaint in this action, Defendants' motion to dismiss the original complaint, (Docket No. 32), is **DENIED** as moot.

Defendants' motion to screen the first amended complaint is **GRANTED**.

B. <u>**Initial Screening**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

2

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Plaintiff's Claims

Plaintiff describes six claims under separate "counts," under which he asserts "deliberate indifference," retaliation, and violation of his rights under the First and Fourteenth Amendments. (FAC at 11-12.) In the preceding paragraphs containing factual allegations, Plaintiff asserts that Defendants violated his First Amendment right "to peaceably assemble" in connection with a" peaceful protest" against the prison gang validation process, which lead to his receiving a Rules Violation Report ("RVR") on July 10, 2013. (*Id.* at 3-4.) Plaintiff claims that Defendants violated his right to due process with respect to the disciplinary action against him by failing to give him proper notice of the RVR, denying his right to call witnesses at the hearing, and imposing an arbitrary 90 day restriction of privileges. (*Id.* 6-7.) Plaintiff claims that Defendant Sgt. Navarro's presence throughout the disciplinary hearing violated his right to due process. (*Id.* at 7-8.) Plaintiff also claims that Defendants' actions were done in retaliation for his exercise of the First Amendment right to peaceful protest. (*Id.* at 5-6.) Plaintiff seeks declaratory relief, an injunction to protect his rights, expungement of the RVR from his record, and damages. (*Id.* at 11-12.) Liberally construed, Plaintiff's allegations are sufficient to state cognizable claims for the violation of his right to peacefully assemble and against retaliation under the First Amendment and right to due process under the Fourteenth

3

Amendment.

However, to the extent that Plaintiff is attempting to state an Eighth Amendment claim through his allegation that Defendants acted with "deliberate indifference," he fails. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The temporary loss of privileges is not an objectively, sufficiently serious deprivation that rises to the level of an Eighth Amendment violation. An amendment would be futile because no additional set of facts in support of this claim would entitle him to relief. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Accordingly, this claim is DISMISSED with prejudice for failure to state a claim for relief.

### D. Motion to Dismiss

Concurrently with their motion to screen the first amended complaint, Defendants move to dismiss the complaint on various grounds: the official-capacity claims based on Eleventh Amendment immunity; claims for injunctive and declaratory relief as moot; First Amendment and retaliation claims based on qualified immunity; and due process claim for failure to state a claim and based on qualified immunity. (Docket No. 41.) Plaintiff shall be given an opportunity to file an opposition to Defendants' motion, and Defendants shall file a reply.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. Plaintiff's motion for leave to file an amended complaint, (Docket No. 40), is **GRANTED**. The first amended complaint filed with the motion is the operative complaint in this action.

2. Defendants' motion to dismiss the original complaint, (Docket No. 32), is

4

**DENIED** without prejudice as moot.

3. Defendants' motion to screen the first amended complaint is **GRANTED**. Plaintiff's Eighth Amendment claim is DISMISSED with prejudice for failure to state a claim for relief. *See supra* at 4. However, briefing shall proceed on Defendants' motion to dismiss with respect to the remaining claims.

4. Plaintiff's opposition to Defendants' motion to dismiss shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date this order is filed.

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 32 and 40.

///

///

**IT IS SO ORDERED.**

Dated: __8/28/2018__

_/s/ Beth Labson Freeman_
BETH LABSON FREEMAN
United States District Judge